```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                       WESTERN DIVISION
                      No. 5:18-CR-25-1H
```

UNITED STATES OF AMERICA,     )
                              )
                              )
                              )
       v.                     )
                              )         **ORDER**
                              )
CORY ANDREW BRYCE,            )
                              )
       Defendant.             )
                              )

This matter is before the court on defendant's renewed motion to allow probation to release records. The government joins defendant in the request for records.

The court held a hearing in this matter on November 6, 2018. At the hearing, the parties orally argued why the court should release the probation file. Defendant was offered the opportunity to call witnesses, including United States Probation Officer Julie Rosa, who was present at the hearing. Defendant declined the opportunity to call witnesses. The government, likewise, declined to call witnesses.

Following oral argument, the court offered defense counsel the opportunity to interview USPO Rosa outside the court hearing. Defendant once again declined to question Ms. Rosa.

The government expressed its concern about its ability to comply with its duties under Brady v. Maryland, 373 U.S. 83, 87 (1963), if it could not access the file, but expressed that it would be satisfied by an in camera review of the probation file. Defendant argued that an in camera review by the court was insufficient and that the government should be given the entire probation case file to review and turn appropriate information over to defendant.

**BACKGROUND**

On May 4, 2004, this court sentenced Bryce to 136 months custody and 5 years' supervised release following his plea of guilty to Engage in and Attempt to Engage in a Sexual Act with a Minor Under the Age of Twelve, Possession of Child Pornography, and Inducing or Coercing a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction. United States v. Bryce, 4:03-CR-81-1H.

Bryce was released from custody and began his term of supervised release on October 11, 2013. On November 15, 2017, SUSPO Julie Rosa filed a motion seeking revocation of Bryce's supervised release, specifically alleging in the second violation that Bryce admitted viewing child pornography. On January 24, 2018, following the FBI's analysis of an electronic device allegedly possessed by defendant during the term of his supervised release,

2

Bryce was indicted on two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Bryce faces a mandatory minimum of 15 years on the new indictment.

Probation provided to the US Attorney a memo from USPO Rosa, dated March 6, 2018, and a copy of the polygraph report of November 2017. These were provided to support probation's motion for revocation in 4:03-CR-81-H. The memo detailed the facts and circumstances leading up to the discovery of the alleged child pornography. In May 2018, defendant sought a court order for probation to release the full probation file, the actual polygraph results from all polygraphs, and the recorded interviews and exams with the polygrapher. Pursuant to Local Rule 32.1, probation does not release records without a court order. Relying on Brady v. Maryland, defendant argued it needed access to the files to prepare an adequate defense and to examine whether the files contain any exculpatory evidence. The court denied defendant's first motion by order filed May 24, 2018 [DE #26].

On July 5, 2018, defendant filed a renewed motion seeking release of probation records along with a request for hearing on the matter. Defendant still seeks the entire probation file, including all polygraph exams and even the probation officer's chronological notes. Defendant states the potential evidence is

3

"too abundant to list" and "beyond [defense counsel's] imagination." [DE #30, Motion at 3.]

## STANDARD OF REVIEW

"Due process requires that the government disclose to the accused any favorable evidence in its possession that is material to guilt or punishment." United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963). The Supreme Court has extended the same disclosure requirement to impeachment material of a government witness. Giglio v. United States, 405 U.S. 150, 154-55 (1972)); see also United States v. Bagley, 473 U.S. 667 (1985).

"'Favorable' evidence includes not only that evidence tending to exculpate the accused, but also any evidence adversely affecting the credibility of the government's witnesses." Trevino, 89 F.3d at 189 (citing Bagley, 473 U.S. at 676; Giglio, 405 U.S. at 154-55). "Material" means "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682.

"[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514

4

U.S. 419, 437 (1995). However, the probation officer is an agent of the court—a "neutral, information-gathering agent of the court, not an agent of the prosecution." United States v. Washington, 146 F.3d 219 (4th Cir. 1998)(quoting United States v. Johnson, 935 F.2d 47, 49-50 (4th Cir. 1991)). Pursuant to 18 U.S.C. § 3603, the probation officer is required to monitor the defendant's behavior and make reports to the court about violations. Here, the allegations contained in the indictment arose out of defendant's conduct while on supervision by United States Probation, conduct which was reported to the court and the United States Attorney in the course of the Probation Officer's statutory duties. Anytime a United States Probation Officer is carrying out her duties — whether in preparing a presentence report or supervising an offender — a certain amount of investigation must occur. What the US Attorney chooses to do with the information provided regarding an offender's violations is beyond the control of the probation officer.

Additionally, the file sought by the parties is the court's confidential record, kept in the course of the probation officer's duties of supervision. Each time there is contact made with the offender, a chronological note is made. Chronological notes "are confidential records which were prepared by the probation officer for use in carrying out her duties as a member of the judiciary, not as an arm of the government or part of the prosecution."

United States v. Rockot, No. 97-33, 2013 WL 5536224, at *3 (W.D. Pa. Oct. 7, 2013)(citing United States v. Washington, 146 F.3d 219, 223 (4th Cir. 1998).

Also, the court notes that the device which allegedly contained the child pornography was turned over directly from the third party (former roommate of defendant) to the FBI for analysis. Therefore, the government is the holder of this physical evidence in the case, not US Probation.

The court finds that the probation file is not in the "possession" of the government and therefore is not subject to Brady and Giglio disclosures. The court further notes defendant's declination to examine on the witness stand at the pretrial hearing, or to interview outside of court, the Probation Officer assigned to his case in order to be able to offer the court a more specific list of requested items. Even if the file were possessed by the government instead of by an arm of the court, "[t]he constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government.'" United States v. Mayes, 917 F.2d 457, 461 (10th Cir. 1990) (quoting Jencks v. United States, 353 U.S. 657, 667(1957)).

However, despite this finding and despite defendant's overbroad request, the court has conducted a full and careful in camera review of the probation file. In conducting this review,

the court has carefully considered defendant's due process rights and the protection thereof. Using the standards provided by Brady and Giglio, the court finds no further evidence needs to be disclosed to the government for consideration of whether to disclose that evidence to the defendant. The court does not know specifically what evidence in the possession of the government has been disclosed to defendant, and makes no determination as to whether any document, evidence, discovery, email, or any other item already in the possession of the government should be disclosed to defendant under the Brady and Giglio standard.

The court also notes the probation officer may be called as a witness in this matter, not as an agent of the government, but rather as a fact witness. Defendant will, of course, be allowed to cross-examine any such fact witness. "The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Pennsylvania v. Ritchie, 480 U.S. 39, 53 (1987).

The court finds no additional information in the probation file that should be disclosed to defendant under Brady and Giglio.

## CONCLUSION

For the foregoing reasons, defendant's renewed motion to release probation records [DE #30] is DENIED. This matter remains

7

scheduled for arraignment at this court's January 8, 2019, criminal term.

This  13th  day of December 2018.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26